IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY BALDASSARI & MARTHA LETICIA SCHRANTZ, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:19-cv-01777 |
| V. | § § | |
| WALTERS GILBREATH, PLLC, | § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Timothy Baldassari ("Baldassari") and Martha Leticia Schrantz ("Schrantz") (collectively "Plaintiffs") file this Original Complaint against Walters Gilbreath, PLLC ("Defendant") showing the Court as follows:

## INTRODUCTION

1. Defendant misclassified Plaintiff Schrantz as "exempt" from overtime under the Fair Labor Standards Act ("FLSA") and, as result, deprived her of overtime compensation to which she was entitled under the FLSA. 29 U.S.C. § 201, *et. seq*. Defendant paid Plaintiff Baldassari as an exempt employee for a portion of his employment and did not pay Plaintiff Baldassari for all of his hours worked. Plaintiffs bring this suit to recover what they are owed under the law.

## THE PARTIES AND JURISDICTION

2. Plaintiff Timothy Baldassari is a natural person residing within the confines of the Southern District of Texas. Plaintiff Baldassari was employed by Defendant within the last 3 years. He has standing to file this lawsuit.

3. Plaintiff Martha Leticia Schrantz is a natural person residing within the confines of the Southern District of Texas. Plaintiff Schrantz was employed by Defendant within the last 3 years. She has standing to file this lawsuit.

4. Defendant Walters Gilbreath, PLLC is a Texas professional limited liability company with its principal place of business in Houston, Texas. It may be served with process through its registered agent, Brian D. Walters, at 1177 West Loop S. Fwy., Suite 700, Houston, TX 77027, or through its counsel.

5. The Court has personal jurisdiction over Defendant based on general jurisdiction. At all relevant times, Defendant has done business in the State of Texas.

6. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically pursuant to the FLSA.

7. Venue is appropriate under 29 U.S.C. § 1391(b)(2) ("A civil action may be brought in—(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## FACTUAL AND LEGAL BACKGROUND

8. Plaintiff Baldassari was employed by Defendant from approximately August 2018 to January 2019. Plaintiff Schrantz was employed by Defendant from approximately June 2018 to January 2019.

9. Plaintiff Baldassari's primary job duty was receiving intake calls on behalf of Defendant. Plaintiff Schrantz's primary job duty was engaging in collections on behalf of Defendant.

10. Plaintiffs did not manage any employees. No employees reported to Plaintiffs.

11. Plaintiffs did not have authority to hire or fire employees.

12. In performing their primary duties, Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

13. Plaintiffs typically worked more than 40 hours in a workweek. Defendant did not pay Plaintiff Schrantz overtime compensation for hours worked over 40 in a workweek. Defendant did not pay Plaintiff Baldassari overtime compensation for hours worked over 40 in a workweek for a portion of his employment. Defendant did not pay Plaintiff Baldassari for all of his hours worked throughout his employment, even after beginning to pay him some overtime compensation.

14. Given the primary job duty of Plaintiff Schrantz, Defendant misclassified Plaintiff Schrantz as being exempt from overtime under the FLSA. Accordingly, Defendant owes Plaintiff Schrantz unpaid overtime and other damages provided for by the FLSA.

15. Given the primary job duty of Plaintiff Baldassari, Defendant did not properly pay Plaintiff Baldassari for hours worked over 40 in a workweek. Accordingly, Defendant owes Plaintiff Baldassari unpaid overtime and other damages provided for by the FLSA.

## FLSA CLAIM FOR OVERTIME PAY

16. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

17. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). The exemptions to this rule are narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). No exemption applies in this case.

18.     At all material times, Plaintiffs were employees for purposes of the FLSA.  29 U.S.C. § 203(e).

19.     At all material times, Defendant was an eligible and covered employer under the FLSA.  29 U.S.C. § 203(d).

20.     At all material times, Plaintiffs were non-exempt employees under the FLSA.

21.     At all material times, Plaintiffs worked in excess of 40 hours per seven-day workweek and Defendant knew or should have known that to be true.

22.     At all material times, Plaintiffs were entitled to overtime compensation for hours worked over 40 in a seven-day workweek.  29 U.S.C. § 207(a)(1).

23.     Defendant failed to pay Plaintiffs overtime compensation for hours worked over 40 in a seven-day workweek.

24.     Accordingly, Plaintiffs seek back pay of their unpaid overtime compensation.

25.     Plaintiffs are entitled to liquidated damages.  An employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

26.     Plaintiffs are also entitled to reasonable attorney's fees.  The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant . . . ."  *See* 29 U.S.C. § 216(b).  *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## DAMAGES AND PRAYER

Plaintiffs asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for the following:

   a.   Actual damages in the amount of unpaid overtime wages under the FLSA;

b. Liquidated damages under the FLSA;

c. Pre-judgment and post-judgment interest;

d. Court costs;

e. Reasonable attorneys' fees under the FLSA; and

f. All other relief to which Plaintiffs are justly entitled under the FLSA.

Respectfully submitted,

By: s/ Ahad Khan
Ahad Khan
State Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
ak@ahadkhanlaw.com – Email

ATTORNEY FOR PLAINTIFFS